JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail:   *jhallam@sideman.com*
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail:   *lfeuchtbaum@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiff
MAGPUL INDUSTRIES CORP.

**SEALED BY COURT ORDER**

**RECEIVED APR - 3 2014 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MAGPUL INDUSTRIES CORP.,

   Plaintiff,

v.

JOHN DOE 1-10,

   Defendants.

Case No. CV 14 1556 JCS

[PROPOSED] ORDER GRANTING ASSET FREEZE

## ORDER

Plaintiff MAGPUL INDUSTRIES CORP.'S ("Magpul's") Ex Parte Application seeking an Order to freeze assets held in certain accounts held by Defendants JOHN DOE 1-10 ("Defendants"), and other relief, with supporting papers, were presented to this Court. After full consideration of the matter and for good cause shown, Magpul's Application is GRANTED.

## FINDINGS OF FACT

Based upon the Declarations filed concurrently with Magpul's *ex* parte application, and the pleadings filed in this matter, the Court makes the following findings of fact:

1.   Magpul has filed a Complaint that alleges, *inter alia*, that Defendants have engaged in a scheme through which they offer to sell Magpul-branded products on eBay.com ("eBay"), using the seller names "arctic_trader" (hereinafter "Arctic Trader"), and "thebuzzybeecentral" (hereinafter "Buzzy Bee"), and Defendants sell counterfeit Magpul-branded products.

1

[PROPOSED] ORDER GRANTING LEAVE TO SERVE BY EMAIL

2. Magpul is likely to prevail in their lawsuit against Defendants for trademark counterfeiting (15 U.S.C. § 1114) because there is sufficient evidence to support findings that: Magpul has a protectable ownership interest in various trademarks that are registered with the U.S. Patent and Trademark Office ("Magpul's Registered Marks"); Defendants have repeatedly sold products that appear identical, or substantially similar to products that are sold by Magpul, which also had Magpul's Registered Marks affixed to them; these products were not manufactured by Magpul, nor by its authority; Defendants' unauthorized use of Magpul's Registered Marks are likely to cause confusion or deception amongst the consuming public as to the products' origins, and; that these products are "counterfeit," as that term is defined at 15 U.S.C. § 1116(d)(B)(i).

3. Magpul is likely to establish that Defendants' trademark counterfeiting was done willfully in that: Defendants were provided notice on at least seventy-seven occasions that they were selling products that infringed upon Magpul's trademarks, but continued to sell them anyway; Defendants have received numerous notices from its customers who complained through eBay that the products sold by Defendants were inferior, or counterfeit, but continue to sell these products, and; the price at which Defendants were selling their products was so far below the market price for genuine products that they must have known that the products were derived through an illegal source.

4. Defendants have used PayPal to process financial transactions associated with their sale of Magpul-branded products. Defendants' PayPal accounts are identified by the following email addresses: "arctictrader@yahoo.co.uk," "buzzybeecentral@yahoo.co.uk," and "sj_group@foxmail.com."

5. Defendants have exhibited behaviors that make it likely that they will seek to avoid legal responsibility that may arise from this lawsuit: Defendants have used multiple addresses to conduct business that are not traceable to them; Defendants use multiple seller names on eBay that seem intended to allow listings under one seller name if the listings are removed under the other seller name; the names used by Defendants are not traceable to them because they are either too common, or because they have used only initials to identify themselves, and; according to customer complaints, Defendants refused to honor obligations to ship products that had been

2
[PROPOSED] ORDER GRANTING LEAVE TO SERVE BY EMAIL

1 ordered by those customers. Based upon this finding, it is likely that Defendants will attempt to
2 disperse their assets from PayPal to accounts beyond the jurisdiction of the United States, if they
3 were to receive notice that those assets were at risk in this litigation.

4     6.     In the likelihood that Magpul prevails in this action, it will be entitled to an
5 accounting of Defendants' profits. It is necessary that the assets remain in Defendants' PayPal
6 accounts to provide for this equitable remedy.

7     7.     An Order, freezing the assets in Defendants' PayPal accounts is necessary to
8 preserve Magpul's equitable remedies.

9 **IT IS THEREFORE ORDERED** that:

10     A.     PayPal shall prevent the disbursement of any assets held in accounts associated
11 with the email addresses: "arctictrader@yahoo.co.uk," "buzzybeecentral@yahoo.co.uk," and
12 "sj_group@foxmail.com." However, PayPal shall still allow the deposit of funds that are destined
13 to those accounts.

14     B.     Defendants are Ordered to appear in this Court ~~in fourteen days,~~ on April 28, at
15 10 O'Clock to show cause why this temporary restraining order should not become a
16 preliminary injunction. Defendants shall file any papers in support of their position by April 18, 2014
17 Magpul shall file any reply to Defendants by April 22, 2014.

18 ~~DATED: April __, 2014~~ Magpul shall serve copies of the Orders entered in this case, in addition to its complaint and application for a temporary restraining order, by no later than 3:00 p.m. on April 15, 2014
19 and shall file a proof of service by April 16, 2014. The sealing order is HEREBY LIFTED.

20 Dated: April 15, 2014

_____
Judge, United States District Court

21 7758-11\2047407v1