JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail:   jhallam@sideman.com
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail:   lfeuchtbaum@sideman.com
DAVID W. FERMINO (State Bar No. 154131)
E-Mail:   dfermino@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiff
MAGPUL INDUSTRIES CORP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MAGPUL INDUSTRIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE 1-10, <br><br> Defendants. | Case No. 4:14-cv-1556 JSW <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION <br><br> Judge:  Honorable Jeffrey S. White <br> Date:   April 28, 2014 <br> Time:   11:00 a.m. <br> Crtrm.:  5 |

## [PROPOSED] ORDER

Defendants JOHN DOE 1-10 ("Defendants") were ordered to appear in this court on April 28, 2014, to show cause why a temporary restraining order [Doc. 28], which freezes assets held in certain financial accounts belonging to them, should not become a preliminary injunction. Defendants have failed to present any facts that would show cause to prevent entry of that preliminary injunction.

## FINDINGS OF FACT

Having considered all filings in this matter, as well as any evidence presented at a hearing, this Court makes the following findings of fact:

1.  Magpul has filed a Complaint that alleges, *inter alia*, that Defendants have engaged in a scheme through which they offer to sell Magpul-branded products on eBay.com ("eBay"),

using the seller names "arctic_trader" (hereinafter "Arctic Trader"), and "thebuzzybeecentral" (hereinafter "Buzzy Bee"), and Defendants sell counterfeit Magpul-branded products.

2. Magpul is likely to prevail in its lawsuit against Defendants for trademark counterfeiting (15 U.S.C. § 1114) because there is sufficient evidence to support findings that: Magpul has a protectable ownership interest in various trademarks that are registered with the U.S. Patent and Trademark Office ("Magpul's Registered Marks"); Defendants have repeatedly sold products that appear identical, or substantially similar to products that are sold by Magpul, which also had Magpul's Registered Marks affixed to them; these products were not manufactured by Magpul, nor by its authority; Defendants' unauthorized use of Magpul's Registered Marks are likely to cause confusion or deception amongst the consuming public as to the products' origins, and; that these products are "counterfeit," as that term is defined at 15 U.S.C. § 1116(d)(B)(i).

3. Magpul is likely to establish that Defendants' trademark counterfeiting was done willfully in that: Defendants were provided notice on at least seventy-seven occasions that they were selling products that infringed upon Magpul's trademarks, but continued to sell them anyway; Defendants have received numerous notices from its customers who complained through eBay that the products sold by Defendants were inferior, or counterfeit, but continued to sell these products, and; the price at which Defendants were selling their products was so far below the market price for genuine products that they must have known that the products were derived through an illegal source.

4. Defendants have used PayPal to process financial transactions associated with their sale of Magpul-branded products. Defendants' PayPal accounts are identified by the following email addresses: "arctictraders@yahoo.co.uk," "buzzybeecentral@yahoo.co.uk," and "sj_group@foxmail.com."

5. Defendants have exhibited behaviors that make it likely that they will seek to avoid legal responsibility that may arise from this lawsuit: Defendants have used multiple addresses to conduct business that are not traceable to them; Defendants use multiple seller names on eBay that seem intended to allow listings under one seller name if the listings are removed under the other seller name; the names used by Defendants are not traceable to them because they are either too

common, or because they have used only initials to identify themselves, and; according to customer complaints, Defendants refused to honor obligations to ship products that had been ordered by those customers. Based upon this finding, it is likely that Defendants will attempt to disperse their assets from PayPal to accounts beyond the jurisdiction of the United States, prior to the time that this matter is finally adjudicated.

6. In the likelihood that Magpul prevails in this action, it will be entitled to an accounting of Defendants' profits. It is necessary that the assets remain in Defendants' PayPal accounts to provide for this equitable remedy.

7. An Order, freezing the assets in Defendants' PayPal accounts is necessary to preserve Magpul's equitable remedies.

**IT IS THEREFORE ORDERED** that the temporary restraining order previously entered by this Court [Doc. 28] shall become a preliminary injunction:

A. PayPal shall prevent the disbursement of any assets held in accounts associated with the email addresses: "arctictraders@yahoo.co.uk," "buzzybeecentral@yahoo.co.uk," and "sj_group@foxmail.com." However, PayPal shall still allow the deposit of funds that are destined to those accounts.

B. PayPal shall promptly notify the parties of any changes to the balance in these accounts, including the reasons for any change.

C. This order shall remain in effect until further notice from this Court.

D. Magpul is directed to deposit $__100__ with the clerk of this court, to be held as security for any wrongful harm that Defendants experience as a result of this preliminary injunction.

DATED: April 28, 2014

_____
Judge, United States District Court

7758-11\2071732v1

3

4:14-cv-1556 JSW

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION